IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:21-390-JFA |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| DEWAYNE TRAVOAN MACK ) | |
| _____ ) | |

This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 432). The defendant contends that he has never made a full recovery from the stroke he had in 2022 during his time on home confinement while his criminal case was pending. He also suggests that his family needs his help for their health and emotional needs.

The government opposes the defendant's motion, arguing that the defendant fails to present extraordinary and compelling circumstances to warrant his release and that the § 3553(a) factors weigh heavily against his release. The defendant replied thereto.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is respectfully denied.

PROCEDURAL HISTORY

In July 2021, the defendant and six other individuals were charged in a five count Indictment with conspiring to possess with intent to distribute 100 kilograms or more of

marijuana throughout the Sumter area of South Carolina. Ultimately, the defendant pleaded guilty pursuant to a written Plea Agreement (ECF No. 277) to Count 1 which charged conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The defendant was held individually accountable for 135 kilograms of marijuana.

The Presentence Report (PSR) (ECF No. 423) prepared by the United States Probation Office determined that the defendant's total offense level was 21 and his criminal history category was VI (based on 16 criminal history points). This resulted in a Guideline sentencing range of 77 to 96 months.

At the defendant's sentencing hearing on August 16, 2023, this court granted in part the parties' motions for a variance and imposed a sentence of 51 months incarceration and a 4 year term of supervision. The defendant did not appeal his conviction or sentence.

The defendant is currently 44 years of age and his date of release from the BOP is scheduled for May 2027.

STANDARD OF REVIEW

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find

"extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id*. at 195. The defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, an amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release. Generally, the list of circumstances qualifying as extraordinary and compelling falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the Bureau of Prisons (BOP) bring a motion on his behalf. The defendant may file a motion with the court: (1) after

fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The defendant has provided copies of his requests to the Warden and the government does not raise an issue with regard to the defendant's exhaustion of his administrative remedies. Thus, the court will proceed to review the matters on the merits. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021).

## DISCUSSION

The Sentencing Commission has issued a policy statement, amended in November 2023, that governs reduction of sentences under § 3582(c)(1)(A). The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(b)(1)(A). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(b)(1)(B). Third, extraordinary and

compelling reasons exist when the defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in heath or death." U.S.S.G. § 1B1.13, cmt. n.1(b)(1)(C).

### I. Medical Conditions

In this motion for compassionate release (ECF No. 432), the defendant suggests that he has never made a full recovery from the stroke he had in 2022 during his time on home confinement while his criminal case was pending.

By way of background, at an August 2022 pretrial conference, the defendant entered into a written plea agreement and a guilty plea hearing was scheduled for September 6, 2022. In between that time, the defendant suffered a stroke and the plea hearing was continued. In January 2023, the Magistrate Judge scheduled a bond revocation hearing because the United States Probation Office advised the court that the defendant used or was in possession of illegal drugs on numerous occasions from September 2021 to October 2022 and failed to attend individual mental health treatments as required by the bond order.

In March 2023, the defendant's guilty plea hearing was held before this court and the defendant was directed to remain on bond, with home confinement,[1] pending his sentencing

---

[1] The defendant previously filed a motion seeking credit for the two years he spent on home confinement. This court denied the motion because a defendant is not entitled to receive credit for time spent on home detention as a condition of a pretrial bond. The defendant's home confinement is not official detention under 18 U.S.C. § 3585(b) because the defendant was not detained in a penal or correctional facility. (ECF No. 429).

hearing. This court sentenced the defendant on August 18, 2023.

In his motion for compassionate release, the defendant states that although he is able to work, he cannot stand long or walk far. He complains that his right side is a little weaker than his left. He also states that he is more concerned with the problems of his loved ones that he left behind.

The government argues that the defendant's claimed medical conditions fail to present extraordinary and compelling circumstances to warrant his release. The government filed sealed copies of the defendant's BOP medical records. The government submits that notes from treating physicians indicate that the defendant's post-stroke symptoms are being managed through medication and monitoring and that nothing in those medical records indicates that the severity of the defendant's conditions can meet the requirements set out in U.S.S.G. § 1B1.13(b)(1)(B).

This court has reviewed the defendant's medical records and agrees with the government that there is nothing extraordinary and compelling about the defendant's present medical conditions. None of the claimed medical conditions qualify as a serious physical or medical condition that would diminish the defendant's ability to provide self care within the BOP and from which he is not expected to recover. Nor does the defendant require long-term or specialized care that is not being provided for. *See* U.S.S.G. § 1B1.13, cmt. N.1(b)(1)(B). Accordingly, this claim is denied.

## II. *Family Circumstances*

The defendant contends that one of the most important reasons he is seeking compassionate release is for his mother, grandmother, and children who are suffering the most while he is incarcerated. No where in his motion or reply does the defendant claim or provide proof that he is the only caregiver for any of his family. The court does not find this to be an extraordinary and compelling claim for compassionate release, nor has the defendant met his burden to prove the same.

## III. *Factors Under 18 U.S.C. § 3553(a)*

The government argues that even if the defendant's medical conditions had risen to the level of extraordinary and compelling for consideration of compassionate release (which this court has determined earlier in this order do not), the § 3553(a) factors weigh heavily against his release.

The government argues that the defendant's history and characteristics are not favorable as he has a criminal history category of VI with prior convictions for assault and battery of a high and aggravated nature; possession of stolen goods; possession of marijuana; domestic violence; assault; and other offenses.

Because this court does not find an extraordinary or compelling reason on either of the defendant's claims, there is no need for the court discuss the § 3553(a) factors.

CONCLUSION

The court has carefully considered the totality of the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the foregoing reasons, the court determines that the defendant has not presented an extraordinary and compelling reason for a reduced sentence. The defendant's motion for compassionate release is respectfully denied (ECF No. 432). The defendant's motion for appointment of counsel (ECF No. 456) is also denied.

IT IS SO ORDERED.

June 30, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge